IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **DONNA J. ALLRED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **5:13-cv-0559-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social** ) | |
| **Security,** ) | |
| ) | |
| **Defendant.** | |

## MEMORANDUM OPINION

Plaintiff Donna J. Allred ("Allred") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA").  This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence.  Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I.  Procedural History

Allred, whose past relevant experience includes work as a dispatcher, bookkeeper, and receptionist, filed an application for Title II disability insurance

benefits and Title XVI Supplemental Security Income on January 10, 2010, alleging an amended disability onset date of January 26, 2010, due to migraines, fibromyalgia, arthritis, sleep disorder, depression, carpal tunnel syndrome, and insomnia. (R. 21, 188). After the SSA denied Allred's claim, she requested a hearing before an ALJ. (R. 107). The ALJ subsequently denied Allred's claim, (R. 18-30), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1-6). Allred then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the

decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Allred had not engaged in substantial gainful activity since January 26, 2010, and, therefore, met Step One.  (R. 23).  Next, the ALJ found that Allred satisfied Step Two because she suffered from the severe impairments of  a "history of pelvic adhesions status post laparoscopy of April 2010."  *Id*.  The ALJ then proceeded to the next step and found that Allred failed to satisfy Step Three because she "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments."  (R. 26).  Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where she determined that Allred has the residual functional capacity (RFC) to

> meet the exertional demands of light or less work as defined in 20 CFR 404.1567(b) and 416.967(b).  She occasionally can climb ramps and stairs but cannot climb ladders, ropes or scaffolds.  She occasionally can balance, stoop, kneel, crouch, and crawl.

(R. 26).  In light of her RFC, the ALJ held that Allred "is capable of performing past relevant work as a dispatcher, bookkeeper, and receptionist."  (R. 29).  Therefore, the ALJ found that Allred "has not been under a disability, as defined

in the Social Security Act, from January 26, 2010, through the date of this decision." *Id.*

## V.  Analysis

The court now turns to Allred's contentions that the ALJ erred because she (1) improperly relied on testimony from a vocational expert (VE); and (2) rejected the opinion of the SSA consultative mental examiner. *See* doc. 10 at 6-11.  The court addresses each contention in turn.

    A.    <u>The Vocational Expert's Testimony</u>

Allred contends the ALJ erred because "[t]he VE's testimony was clearly unreliable . . . on the issue of whether [Allred] could perform past work which was all skilled and semiskilled."  Doc. 10 at 7.  According to Allred, "[t]he ALJ's restriction to simple, routine tasks involving no more than short, simple instructions and simple work related decision making with few workplace changes essentially limited [Allred] to unskilled work which would *not* allow for the . . . jobs of dispatcher, bookkeeper and receptionist as previously identified [by the ALJ]." *Id.* (citations to the record omitted) (emphasis in original). Unfortunately for Allred, her contention misses the mark because the ALJ's

RFC finding did not contain any of these restrictions.[1]  The ALJ relied instead on the VE's answer to a hypothetical question that Allred concedes "exactly matched the assigned RFC in the decision."  (R. 26, 72); doc. 10 at 4.  Therefore, the VE's testimony in response to the hypothetical question limiting Allred to unskilled work was irrelevant, and Allred's argument is without merit.

    B.    <u>The SSA Consultative Mental Examiner's Report</u>

Allred's final contention is that the ALJ improperly rejected the opinion of Dr. John Haney, Ph.D., the SSA consultative psychological examiner.  Doc. 10 at 8-11; (R. 375).  Dr. Haney, Ph.D., examined Allred on March 25, 2010, and opined that Allred's "ability to function in most jobs appeared moderately to severely impaired due to her physical and emotional limitations."  (R. 375).  Allred contends this opinion establishes she is disabled, and that the ALJ erred in giving it little weight.

As a nontreating physician, Dr. Haney's opinion was not entitled to controlling weight under 20 C.F.R. § 404.1527(c)(2).  Consequently, the ALJ had to consider several factors to determine the weight, if any, to give Dr.

---

[1] To the extent Allred's contention on this issue challenges the ALJ's RFC finding, Allred has failed to meet her burden of properly presenting this issue for review.  *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir.2009) ("[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.").

Haney's opinions. These factors include whether Dr. Haney (1) had examined Allred; (2) had a treating relationship with Allred; (3) presented medical evidence and explanation supporting the opinion; (4) provided an opinion that is consistent with the record as a whole; and (5) is a specialist. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Moreover, the ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983). Indeed, even a treating physician's opinions, which are entitled to more deference than those of Dr. Haney, may be rejected if the ALJ has "good cause." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The ALJ considered these factors, and ultimately gave "little weight" to Dr. Haney's opinion. (R. 25). In reaching this decision, the ALJ provided multiple reasons–all of which are supported by substantial evidence–that constituted good cause for rejecting Dr. Haney's opinion. First, the ALJ properly considered that Dr. Haney's opinion "is not specific to what mental attributes the claimant is limited in," *id.*, because a physician's failure to provide an explanation to support his opinion entitles it to less weight. *See* 20 C.F.R. § 416.1527(c)(3). Second, the ALJ properly considered that Dr. Haney's opinion "appears to be based solely upon the claimant's subjective reports." (R. 34); *see*

*Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (ALJ may reject a physician's opinion when it "appears to be based primarily on [a claimant's] subjective complaints"). Third, the ALJ properly considered that Dr. Haney's opinion "is based upon a onetime examination," (R. 25), because "[g]enerally, [the ALJ] give[s] more weight to opinions from . . . treating sources." 20 C.F.R. §§ 404.1527(c)(2). Fourth, the ALJ noted that Dr. Haney's "opinion does not appear to coincide with the notations from the examination," (R. 25) which provides good cause for rejecting it. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (good cause exists when the opinion is inconsistent with the doctor's own medical records). Indeed, as the ALJ noted, Dr. Haney's clinical interview showed that Allred's "recent and remote memory was intact," that her "conversation was logical and goal directed," and that Allred "reported she went into work if she was needed," (R. 25), which contrasts with his finding of a moderate to severe impairment in her ability to work. Finally, the ALJ found Dr. Haney's opinion did not coincide with the record as a whole, and noted that the "record does not show any current medication for mental impairments taken by the claimant nor is the claimant receiving any ongoing mental health treatment." *Id.* The ALJ properly relied on Allred's lack of treatment for her mental impairments to reject Dr. Haney's opinion because

9

good cause exists to reject a medical opinion when the record shows infrequent medical visits. *See Petteway v. Comm'r of Soc. Sec.*, 353 F.App'x 287, 290 (11th Cir. 2009).

Ultimately, based on the record before this court, it is evident that the ALJ considered the factors set forth in the regulations and, consistent with the law of this circuit, articulated good cause for giving Dr. Haney's opinions little weight. Because the ALJ's reasons are supported by substantial evidence, she committed no reversible error.

## VI.  Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Allred is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

Done this 28th day of August, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE